UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00028-MOC-DSC

| | |
|---|---|
| NORRIS ALLEN, RODNEY MILLER, JANICE SUGGS, RON ROLLINS, JERRY DIXON, and ERIC HOLMBERG, )<br><br>Plaintiffs, )<br><br>Vs. )<br><br>EXPRESS COURIER INTERNATIONAL, INC. and EMP LSO HOLDING CORPORATION, )<br><br>Defendants. ) | ORDER |

**THIS MATTER** is before the court on defendants' Motion to Dismiss for Failure to State a Claim (#15) and plaintiffs' Related Conditional Motion for Leave to File Second Amended and Substituted Complaint (#23). Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

**I.    Background**

LSO is a third-party logistics company providing various supply-chain management services to help businesses reduce transportation costs, increase efficiency in product movement, and allow customer to focus on their core business. Plaintiffs entered into federally regulated Owner Operator Agreements ("OOA") with LSO.

On January 18, 2018, plaintiffs filed their Original Complaint (#1), and on April 12, 2018, filed their First Amended and Substituted Complaint (#4), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and reasonable attorney's fees and

costs, as a result of defendant's alleged failure to pay plaintiffs minimum and overtime wages as required by law.

On June 13, 2018, defendants filed a Motion to Dismiss for Failure to State a Claim (#15), and on July 16, 2016, plaintiffs filed a Response to Defendants' Motion to Dismiss for Failure to State a Claim (#21). On July 23, 2018, defendants filed a Reply in Support of Motion to Dismiss for Failure to State a Claim (#22). Also on July 23, 2018, plaintiffs filed a Conditional Motion for Leave to File Second Amended and Substituted Complaint (#23).

**II.     Legal Standard**

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive such motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility." Id.; see also Twombly, 550 U.S. at 547 (complaints fail when plaintiffs "have not nudged their claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but need only give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party, Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or

"unreasonable arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

### III. Discussion

Defendants argue that plaintiffs have failed to sufficiently allege any wage violations occurred, have not alleged sufficient facts to demonstrate that they were misclassified as independent agents, rather than employees, and have not stated a claim against EMP LSO Holding. The court will consider each of these arguments below.

#### A. Wage Violations

First, defendants claim that plaintiffs failed to sufficiently allege any wage violations occurred. Specifically, defendants argue that plaintiffs allege nothing that, if true, would establish an overtime or minimum wage violation. Instead, defendants contend that plaintiffs only allude to facts that might give rise to a wage violation.

To state "a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and this his or her employer failed to pay the requisite overtime premium for those overtime hours." Hall v. DIRECTV, LLC, 846 F.3d 757, 777 (4th Cir. 2017). This standard "does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours." Id. (emphasis omitted). "Rather, this standard is intended to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible." Id.

Here, plaintiffs allege facts which establish an overtime or minimum wage violation of the FLSA that "nudge[s] their claim[s] from conceivable to plausible." Id. Plaintiffs allege that they worked more then forty hours per week, that defendants knew of these hours, yet failed to pay plaintiffs overtime wages, and that plaintiffs' vehicle expenses caused their pay to drop below minimum wage. As such, plaintiffs have alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), and have given defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 544). As such, the court will deny defendants' motion on this ground.

### B. Misclassifications

Next, defendants claim plaintiffs have not alleged sufficient facts to demonstrate that they were misclassified as independent agents, rather than employees. Particularly, defendants argue that the six-factor economic realities test demonstrates plaintiffs were correctly classified as independent contractors, rather than employees. Defendants thoroughly analyze the individual factors, determining if each factor supports either defendants or plaintiffs. Defendants further argue that since plaintiffs were independent contractors, and not employees, they were not eligible for FLSA protections.

To help define and differentiate between employees and independent contractors, courts have adopted the "economic realities test." See, e.g., Tony & Susan Alamo Found. V. Sec'y of Labor, 471 U.S. 290, 301 (1985). The purpose of the economic realities test is to determine "whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic reality, in business for himself." Salinas v. Commercial Interiors, Inc.,

848, F.3d 125, 150 (4th Cir.2017). To assist in making this determination, the Fourth Circuit also considers the following six factors:

> (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

Id. No single factor is dispositive. Schultz v. Capital Int'l Sec., Inc., 466 F.3d 298, 305 (4th Cir. 2006). Thus, the court must look at the totality of the circumstances and consider any relevant evidence. C.f. Salinas, 848 F.3d at 142 (stating that the economic realities test as applied to putative joint employers requires a review of the totality of the circumstances).

Here, defendants argue that there are more factors weighted in favor of defendants, rather than plaintiffs, which is an incorrect type of analysis. See Hall, 846 F.3d at 771 (holding in the context of joint employer status, "one factor alone" from a list of nonexclusive factors "can give rise to a reasonable inference that plaintiffs will be able to develop enough evidence establishing" their claim regarding the employer status). Plaintiffs have alleged facts, taken as true, that would support at least one of the six factors of the economic realities test. For example, plaintiffs include in their complaint that defendants, not plaintiffs, set the prices charged to the customer; defendants maintained operations, compliance, accounting marketing, information-technology, and insurance departments; defendants' Director of Operations assisted the branch offices in maximizing profits; defendants' branch managers were in charge of drivers, assigned the routes to drivers, and had authority to terminate drivers; defendants dictated to plaintiffs the identification badge used, the uniform worn, the method of tracking packages, the insurance required, and the type of communication equipment used; etc. These alleged facts all support at least one factor of the economic realities test.

Because a totality of the circumstances analysis should be applied, c.f. Salinas, 848 F.3d at 142, and "[n]o single factor is dispositive," Schultz, 466 F.3d at 305, plaintiffs allege sufficient facts, "accepted as true," to state a claim of relief that they were misclassified as independent agents that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Additionally, plaintiffs have given defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 544). As such, the court will deny defendants' motion on this basis.

### C. Claim Against EMP LSO Holding

Furthermore, defendants contend that plaintiffs have not stated a claim against EMP LSO Holding. Particularly, defendants argue that plaintiffs contracted with LSO, not EMP LSO Holding, and plaintiffs do not allege any facts demonstrating that EMP LSO Holding is a joint employer with LSO.

Plaintiffs may make allegations against more than one defendant so long as the allegations provide defendants with fair notice of what the claims are and the grounds upon which the claims rest. See Pennsylvania v. Think Fin., Inc., No. 14-cv-7139, 2016 U.S. Dist. LEXIS 4649, at *33–35 (E.D. Pa. Jan. 14, 2016); In re Riddell Concussion Reduction Litig., 77 F. Supp. 3d 422, 430–432 (D. N.J. 2015); Rivera v. Lake Cty., 974 F. Supp. 2d 1179, 1194–95 (N.D. Ill. 2013); Clapper v. Am. Realty Inv'rs, Inc., No. 3:14-cv-2970-D, 2015 U.S. Dist. LEXIS 71543, at *10–12 (N.D. Tex. June 3, 2015); Hyung Seok Koh v. Graf, No. 11-cv-02605, 2013 U.S. Dist. LEXIS 136341, at *10–15 (N.D. Ill. Sep. 24, 2013); Toback v. GNC Holdings, Inc., No. 13-80526, 2013 U.S. Dist. LEXIS 131135, at *5–7 (S.D. Fla. Sep. 13, 2013).

Here, plaintiffs refer to defendants collectively as "Defendant" in Plaintiff's First Amended and Substituted Complaint (#4). Plaintiffs intended to make each allegation against

each defendant because each defendant engaged in the same conduct. As such, plaintiffs' claim is sufficient, as the complaint has given defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 544). Therefore, the court will deny defendants' motion on this basis.

### IV.    Conclusion

Plaintiffs have alleged in their complaint, sufficient facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  As such, plaintiffs' complaint gives defendants "fair notice of what the . . . claim is and the grounds upon which it rests," Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 544), and the court will deny defendants' motion to dismiss. Plaintiffs' associated motion to file an amended complaint will thus also be denied as moot.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss for Failure to State a Claim (#15) is **DENIED** and plaintiffs' related Conditional Motion for Leave to File Second Amended and Substituted Complaint (#23) is **DENIED AS MOOT**.

Signed: July 25, 2018

Max O. Cogburn Jr
United States District Judge